**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America,<br><br>        Plaintiff,<br><br>vs.<br><br>Marc Ryan Shipley,<br><br>        Defendant. | CR 16-1061-TUC-RM (JR)<br><br>**REPORT AND RECOMMENDATION** |

On July 19, 2016, Defendant Marc Ryan Shipley ("Shipley") filed a Motion to Dismiss Count 1 or Count 2 (Multiplicious Indictment)[1] (Doc. 39). The Government did not file a response. The Motion to Dismiss was referred to

---

[1] Various courts have spelled multiplicity in its adjective form as "multiplicious" and "multiplicitous." "Multiplicitous" has been used in the more recent Ninth Circuit decisions and is the spelling used in this Report and Recommendation. *Compare United States v. Zalapa*, 509 F.3d 1060 (9th Cir. 2007) (using "multiplicious" only when quoting from earlier decisions) *with United States v. Smith*, 76 F.3d 390 (9th Cir. 1996) (using "multiplicious" in the body of the decision).

1

Magistrate Judge Rateau (Doc. 75).[2]  The Court heard oral argument on the motion on January 10, 2017.  Shipley was present and represented by counsel.  Having considered the matter, the Magistrate Judge recommends that the motion be denied.

**I.   Background**

On April 26, 2015, Shipley was arrested and, on the following day, charged by criminal complaint with possession of firearms by a prohibited possessor in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  (Docs. 1 and 2).  On May 25, 2016, the Grand Jury returned a true bill indicting Shipley on three separate counts alleging the violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  (Doc. 13).  In his motion, Shipley asks the Court to dismiss Count 1 or Count 2.  Count 1 of the Indictment alleges that:

> On or about March 25, 2016, at or near Benson,[3] in the District of Arizona, MARC RYAN SHIPLEY, having previously been convicted of a crime punishable by imprisonment for a term exceeding one year; that is: Conspiracy to Commit Bribery of a Public Official and Interference with Commerce by Extortion, United States District Court for the District of Arizona, case number CR05-00962-058-TUC-CKJ (CRP), on March 24, 2008; did knowingly possess firearms; that is: one Glock, model 23, .40 caliber semi-automatic pistol, serial number XCV990; and one Sig Sauer, model P556, 5.56mm semi-automatic pistol, serial number TP003607; said firearms being in an affecting commerce in that they were previously transported into the state of Arizona from another state or foreign country; in violation of Title 18, United States Code, Section 922(g)(1) and 924(a)(2).

*Indictment* (Doc. 13), p. 1.  Count Two of the Indictment alleges that:

---

[2] The plea deadline in this matter is March 10, 2017, and the trial is set for March 28, 2017 (Doc. 89).

[3] At the hearing, the Government indicated that the Count 1 allegation of "at or near Benson" was an error and that the indictment would be amended to allege "at or near Tucson."

2

On or about April 26, 2016, at or near Tucson, in the District of Arizona, MARC RYAN SHIPLEY, having previously been convicted of a crime punishable by imprisonment for a term exceeding one year; that is: Conspiracy to Commit Bribery of a Public Official and Interference with Commerce by Extortion, United States District Court for the District of Arizona, case number CR05-00962-058-TUC-CKJ (CRP), on March 24, 2008; did knowingly possess firearms; that is: one Colt, M4 Carbine, 5.56mm rifle, serial numberLEO98727; one Remington, model 870 Tactical, 12 gauge shotgun, serial number RS15568K; one FN, model FNX-9, 9mm semi-automatic pistol, serial number FX1U004127; two Glock, model 23, .40 caliber semi-automatic pistols, serial numbers XXY632 and XCV990; one Sig Sauer, model SIG 556, 5.56 mm rifle, serial number JT003812; one Bushmaster, model SM15-E2S, .5.56 [sic] mm rifle, serial number BK1205109; one Sig Sauer, model P556, 5.56mm semi-automatic pistol, serial number TP003607; 149 rounds of Winchester 9mm ammunition, four rounds of Federal 9mm ammunition, two rounds of DRT 9mm ammunition, one round of Tula 9mm ammunition, 23 rounds of Winchester 12 gauge ammunition, 45 rounds of Speer .40 caliber ammunition, 278 rounds of Winchester .40 caliber ammunition, 109 rounds of Perfecta .40 caliber ammunition, four rounds of Federal .40 caliber ammunition, 20 rounds of Black Hills .308 caliber ammunition, 529 rounds of Lake City 5.56mm/.223 caliber ammunition, 537 rounds of PMC 5.56mm/.223 caliber ammunition, 29 rounds of Federal 5.56mm/.223 caliber ammunition, ten rounds of HP 5.56mm/.223 caliber ammunition, three rounds of Winchester 5.56mm/.223 caliber ammunition, three rounds of Armscor 5.56/.223 caliber ammunition, two rounds of Wolf 5.56mm/.223 caliber ammunition, two rounds of Remington 5.56/.223 caliber ammunition, one round of China Juan Industries 5.56mm/.223 caliber ammunition, two rounds of Sellier & Bellot 5.56mm/.223 caliber ammunition, and one round of Speer 5.56/.223 caliber ammunition; said firearms and ammunition being in an affecting commerce in that they were previously transported into the state of Arizona from another state or foreign country; in violation of Title 18, United States Code, Section 922(g)(1) and 924(a)(2).

*Indictment* (Doc. 13), p. 1.

## II.     Legal Conclusions

The Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. Amend. V.  Under the Double Jeopardy Clause, "multiple punishments for the same offense" are prohibited.  *Whalen v. United States*, 445 U.S. 684, 688 (1980); *United States v. Davenport*, 519 F.3d 940, 943 (9th Cir. 2008). "An indictment is multiplicitous when it charges multiple counts for a single offense, thereby resulting in two penalties for one crime and raising double jeopardy concerns." *United States v Mancuso*, 718 F.3d 780, 791 (9th Cir. 2013) (citations omitted).

The test for multiplicity requires the Court to determine "whether the individual acts are prohibited, or the course of action which they constitute.  If the former, then each act is punishable separately . . . . If the latter, there can be but one penalty." *Blockburger v. United States*, 284 U.S. 299, 302 (1932) (two drug sales made at separate times do not constitute a continuous offense); *compare In re Snow*, 120 U.S. 274, 286 (1887) (cohabiting with multiple women constitutes a continuous offense).  More simply put, the test for determining if multiple counts charge separate and distinct offenses is whether one count requires proof of a fact which the other does not. *United States v. Segall*, 833 F.2d 144, 147 (9th Cir.1987) (citing *Blockburger*, 284 U.S. at 304)).

Here, Shipley asks the Court to dismiss Count 1 or Count 2 of the Indictment as multiplicitous because both counts allege that Shipley "knowingly possessed a Glock, Model 23.40 caliber semi-automatic pistol serial number XCV990 and one

4

Sig Sauer, Model P5.56MM semi-automatic pistol, serial number TP003607 in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2)." *Motion*, p. 1. However, Shipley's argument ignores that the allegations contained in the two counts vary in date and, while the weapons included in Count 1 also appear in Count 2, the Count 2 allegations contain seven additional weapons and 21 types of ammunition not included in Count 1. As such, each count constitutes an entirely separate crime that could be proven without necessarily establishing the other. Thus, under *Blockburger*, the counts did not involve separate incidents of possession not involving "the same act or transaction," 284 U.S. at 304, and under *Segall*, while both counts charge Shipley under the same statutes, they charge separate and distinct offenses, 833 F.2d at 147, and are therefore not multiplicitous. *See also United States v. Richardson*, 439 F.3d 421, 422 (finding that Congress intended the "allowable unit of prosecution" under section 922(g) to be "an incident of possession"); *United States v. Grant*, 114 F.3d 323, 329 (1st Cir. 1997) (holding that two felon in possession counts were not multiplicitous when firearms were seized during separate searches in different cities on the same day).

### III.  Recommendation

Based on the foregoing and pursuant to 28 U.S.C. § 636(b) and Local Rule Civil 72.1, Rules of Practice of the United States District Court, District of Arizona, the Magistrate Judge **recommends** that the District Court, after an independent review of the record, **deny** Shipley's Motion to Dismiss Indictment (Doc. 39).

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. However, the parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court. See 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure. Thereafter, the parties have ten (10) days within which to file a response to the objections. No replies are permitted without leave of court. If any objections are filed, this action should be designated case number: **CR 16-1061-TUC-RM**. Failure to timely file objections to any factual or legal determination of the Magistrate Judge may be considered a waiver of a party's right to de novo consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Dated this 13th day of January, 2017.

_____
Honorable Jacqueline M. Rateau
United States Magistrate Judge