IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-16-01061-001-TUC-RM (JR) |
| Plaintiff, | **ORDER** |
| v. | |
| Marc Ryan Shipley, | |
| Defendant. | |

Currently pending before the Court is Defendant's Motion to Dismiss Count 1 or 2 (Doc. 39), in which Defendant argues that Count 1 and Count 2 of the indictment[1] are multiplicious in that they charge possession of the same weapons in violation of the same statutes.

On January 18, 2017, Magistrate Judge Jacqueline M. Rateau issued a Report and Recommendation recommending that this Court deny Defendant's Motion to Dismiss because each count of Defendant's indictment constitutes a separate crime that could be proven without necessarily establishing the other. (Doc. 114.) Neither party filed objections to the Report and Recommendation, though the Government filed a Response (Doc. 118) to supplement the record.[2]

---

[1] The indictment in the above-captioned case charges Defendant with three counts of unlawful possession of firearms, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. 13.) A superseding indictment was filed on January 11, 2017, which amends Count 1 to allege that the acts charged occurred at or near Tucson instead of Benson. (Doc. 103.)

[2] In the Response, the Government informs the Court of the filing of a

A district judge must "make a de novo determination of those portions" of a magistrate judge's "report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The advisory committee's notes to Rule 72(b) of the Federal Rules of Civil Procedure state that, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" of a magistrate judge. Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition. *See also Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error."); *Prior v. Ryan*, CV 10-225-TUC-RCC, 2012 WL 1344286, at *1 (D. Ariz. Apr. 18, 2012) (reviewing for clear error unobjected-to portions of Report and Recommendation).

The Court has reviewed Defendant's Motion to Dismiss, Judge Rateau's Report and Recommendation, and the record. The Court finds no error in Judge Rateau's Report and Recommendation. Accordingly,

**IT IS ORDERED** that the Report and Recommendation (Doc. 114) is **accepted and adopted in full**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Count 1 or 2 (Doc. 39) is **denied**.

Dated this 9th day of February, 2017.

_____
Honorable Rosemary Márquez
United States District Judge

---

superseding indictment to correct a discrepancy—highlighted by Judge Rateau in footnote 3 of the Report and Recommendation —regarding the location alleged in Count 1. The Government also attaches a copy of its Response to Defendant's Motion to Dismiss, which it inadvertently failed to file.