# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-16-01061-001-TUC-RM (JR) |
| Plaintiff, | **ORDER** |
| v. | |
| Marc Ryan Shipley, | |
| Defendant. | |

Pending before the Court are Defendant's Motion to Suppress Cell Phone and 6th Amendment Right to Counsel (Doc. 162) and Motion to Suppress Search Warrant of July 29th, 2016 (Doc. 166).[1] In the Motions, Defendant argues that his iPhone was unlawfully seized without a warrant on April 26, 2016, and that search warrants issued on July 5, 2016 and July 29, 2016 were constitutionally infirm. Magistrate Judge Jacqueline M. Rateau held an evidentiary hearing on June 14, 2017 (Doc. 175). On June 29, 2017, Judge Rateau issued a Report and Recommendation (Doc. 181), recommending that this Court deny both of the pending Motions to Suppress. Defendant filed an Objection (Doc. 182), to which the Government responded (Doc. 187).

**I.    Standard of Review**

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations" of a magistrate judge. 28 U.S.C. § 636(b)(1). The district judge must

---

[1] All other pending matters (*see, e.g.*, Docs. 191-195) will be addressed separately.

"make a de novo determination of those portions" of a magistrate judge's "report or specified proposed findings or recommendations to which objection is made." *Id.* The advisory committee's notes to Rule 72(b) of the Federal Rules of Civil Procedure state that, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" of a magistrate judge. Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition. *See also Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error."); *Prior v. Ryan*, CV 10-225-TUC-RCC, 2012 WL 1344286, at *1 (D. Ariz. Apr. 18, 2012) (reviewing for clear error unobjected-to portions of Report and Recommendation).

**II.   Seizure of Defendant's iPhone**

Defendant asks the Court to suppress all evidence obtained as a result of an allegedly unlawful seizure of his iPhone. Judge Rateau rejected the Government's position that the seizure of Defendant's iPhone was justified under the plain-view doctrine, but she nevertheless found that the seizure was lawful. (Doc. 181 at 5-6.) Judge Rateau recognized that Defendant was not under formal arrest at the time his iPhone was seized on April 26, 2016; he was arrested later that day, after the seizure of his iPhone had occurred. (*Id.* at 6.) However, relying on *Cupp v. Murphy*, 412 U.S. 291 (1973), and *United States v. Pope*, 686 F.3d 1078 (9th Cir. 2012), Judge Rateau found that the seizure of the iPhone did not violate the Fourth Amendment because probable cause existed at the time of the seizure, there was a high risk that evidence would have been destroyed if the iPhone were not seized, and the seizure was commensurate with the circumstances necessitating the intrusion. (Doc. 181 at 6-8.)

"[S]earches conducted outside the judicial process, without prior approval by a judge or magistrate, are per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." *Katz v. United States*, 389 U.S. 347, 357 (1967)). One such exception is the search-incident-to-lawful-arrest

exception. *See generally Chimel v. California*, 395 U.S. 752 (1969). In *Cupp*, the Supreme Court extended the rationale of *Chimel* to hold that a limited, warrantless search may be justified even if it occurred prior to a formal arrest. 412 U.S. at 296. The respondent in that case was convicted of murdering his estranged wife, who had died by strangulation and was found with abrasions and lacerations on her throat. *Id.* at 292. After receiving notification that his wife's body had been discovered in her home, the respondent had voluntarily arrived at a police station for questioning. *Id.* The police noticed a dark spot on the respondent's finger and suspected it might be dried blood. *Id.* Without the respondent's consent and without a warrant, the police took samples of scrapings from under the respondent's fingernails. *Id.* At the time, the respondent was not under arrest but the police had probable cause to arrest him. *Id.* at 293. The Supreme Court held that the police did not violate the Fourth Amendment by taking the fingernail scrapings, "considering the existence of probable cause, the very limited intrusion . . . , and the ready destructibility of the evidence." *Id.* at 296.

In *Pope*, the Ninth Circuit relied on *Cupp* in holding that a police officer did not violate the Fourth Amendment by ordering a suspect to empty his pockets, even though the officer had not obtained a warrant and had not yet placed the suspect under arrest. *Pope*, 686 F.3d at 1083-84. The Ninth Circuit found that the search was justified because, at the time of the search, the officer had probable cause to arrest the suspect, "there was a high risk that evidence would have been destroyed," and "the search was commensurate with the circumstances necessitating the intrusion." *Id.* at 1084.

In the present case, Judge Rateau interpreted *Cupp* and *Pope* as standing for the proposition that a pre-arrest search is justified if "(1) probable cause to arrest existed at the time of the search, (2) there was a high risk that evidence would have been destroyed, and (3) the search was commensurate with the circumstances necessitating the intrusion." (Doc. 181 at 7.) In his Objections, Defendant argues that Judge Rateau misinterpreted *Cupp* and *Pope*, but he fails to show any error in Judge Rateau's analysis of the cases. Instead, he appears to argue that the seizure of his iPhone was not warranted because it

was not necessary to prevent the destruction of evidence. Defendant does not contest Judge Rateau's factual finding that Defendant had used his iPhone to instruct his girlfriend to remove a firearm from his residence. However, he argues that the seizure of his iPhone was unnecessary because the firearm that his girlfriend had removed from the residence had been seized by law enforcement officers, and Defendant's residences had been secured by officers, prior to officers' seizure of the iPhone. Defendant also argues that there was no probable cause to believe that evidence of a violation of 18 U.S.C. § 922(g)(1) was located on the iPhone at the time of the seizure.

The Court agrees with Judge Rateau's findings that probable cause to arrest existed at the time of the seizure of Defendant's iPhone, that there was a high risk that evidence would have been destroyed if the iPhone had not been seized, and that the seizure was commensurate with the circumstances necessitating the intrusion. Law enforcement agents had probable cause to believe Defendant's iPhone contained evidence of a violation of 18 U.S.C. § 922(g)(1), and they had observed Defendant using the phone in an apparent attempt to destroy evidence of such a violation. Although the risk that Defendant would be able to use his iPhone to instruct others to remove firearms from his residences had been minimized by the time the iPhone was seized, there remained a risk that Defendant would again use the iPhone in an attempt to destroy evidence, including evidence located on the iPhone itself. The Court overrules Defendant's Objections to this portion of Judge Rateau's Report and Recommendation.

**II.  Nexus Between iPhone/iCloud Account and Alleged Criminal Conduct**

Defendant argues that the affidavit in support of the search warrants issued on July 5, 2016 and July 29, 2016 failed to establish a nexus between alleged criminal conduct and Defendant's iPhone and iCloud account. Judge Rateau found that the July 5th and July 29th warrants to search Defendant's iPhone and iCloud account established a sufficient nexus to Defendant's alleged criminal behavior. (Doc. 181 at 8-9.) Judge Rateau observed that the affidavits submitted in support of the search warrant applications stated that Defendant had shown law enforcement agents a document on the

iPhone which Defendant purported to be relevant to his ability to possess firearms; furthermore, the affidavits described Defendant's suspicious use of the iPhone at the courthouse in Benson, including his use of the phone to communicate with his girlfriend in an apparent attempt to destroy evidence of a violation of 18 U.S.C. § 922(g)(1). (*Id.*) In addition, the affidavit submitted in support of the July 29, 2016 warrant stated that the data from Defendant's iPhone had been remotely wiped, which provided further indication of an attempt to destroy evidence. The Court agrees with Judge Rateau that the affidavits demonstrated a sufficient nexus between Defendant's suspected criminal activities and his iPhone and iCloud account. Accordingly, the Court will overrule Defendant's Objections to this portion of Judge Rateau's Report and Recommendation.

**III. Particularity and Scope of Warrants**

Defendant also argues that the July 5, 2016 and July 29, 2016 search warrants were impermissible general warrants that allowed a search of the entire contents of his iPhone and iCloud account and failed to particularly describe the evidence to be seized. Judge Rateau found that the July 5th and July 29th warrants were not impermissible general warrants (Doc. 181 at 9-11), and that the warrants' failure to include a minimization protocol did not render the warrants constitutionally defective (*id.* at 11-12).

A "search warrant must describe items to be seized with particularity sufficient to prevent a general, exploratory rummaging in a person's belongings." *United States v. Mann*, 389 F.3d 869, 877 (9th Cir. 2004). However, "it need only be reasonably specific, rather than elaborately detailed." *Id.* (quoting *United States v. Rude*, 88 F.3d 1538, 1551 (9th Cir. 1996)). Here, the search warrants identified the content to be searched and specified that the search was for evidence relating to violations of 18 U.S.C. § 922(g)(1). The Court agrees with Judge Rateau that the warrants described the items to be searched with sufficient particularity, and the Court will accordingly overrule Defendant's objection to this portion of Judge Rateau's Report and Recommendation.

Judge Rateau acknowledged that, ideally, the warrants should have included

precautionary search protocols such as those described in *United States v. Comprehensive Drug Testing, Inc.*, 621 F.3d 1162 (9th Cir. 2010). However, Judge Rateau found that the lack of such precautionary search protocols did not render the warrants constitutionally defective, relying on *United States v. Schesso*, 730 F.3d 1040 (9th Cir. 20130).

In his Objections, Defendant argues that the Ninth Circuit has recognized that efforts at minimization should be made, citing *Comprehensive Drug Testing* and its predecessor case, *United States v. Tamura*, 694 F.2d 591 (9th Cir. 1982). However, Defendant does not address *Schesso* or Judge Rateau's conclusion that the failure to include precautionary search protocols did not render the warrants constitutionally defective. The Court agrees with Judge Rateau that the failure to include the precautionary search protocols recommended in *Comprehensive Drug Testing* did not render the July 5th and July 29th search warrants constitutionally infirm. *See Schesso*, 730 F.3d at 1047-50. The Court will overrule Defendant's Objections to this portion of Judge Rateau's Report and Recommendation.

**IV.     Sixth Amendment Right to Counsel**

Finally, Defendant argues that his Sixth Amendment right to counsel was violated when the warrant was issued in an *ex parte* hearing after Defendant's right to counsel had attached. Judge Rateau found that Defendant's Sixth Amendment right to counsel was not violated when the search warrants were obtained on an *ex parte* basis, because the proceedings were not a critical stage of the prosecution. (Doc. 181 at 12-15.)

"Once it attaches, the right to counsel under the Sixth Amendment applies to all critical stages of the prosecution." *United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003) (internal quotation marks and alteration omitted); *see also Iowa v. Tovar*, 541 U.S. 77, 80-81 (2004) ("The Sixth Amendment safeguards to an accused who faces incarceration the right to counsel at all critical stages of the criminal process."). "A critical stage is a trial-like confrontation, in which potential substantial prejudice to the defendant's rights inheres and in which counsel may help avoid that prejudice." *Leonti*, 326 F.3d at 1117 (internal quotation marks omitted). "[T]he essence of a 'critical stage'

is not its formal resemblance to a trial, but the adversary nature of the proceeding, combined with the possibility that a defendant will be prejudiced in some significant way by the absence of counsel." *Id.*

The question before the Court is whether the issuance of a search warrant is a critical stage of the prosecution requiring the presence of counsel. It does not appear that the Ninth Circuit has directly addressed this question.[2] The Court agrees with Judge Rateau that the *ex parte* issuance of the July 5th and July 29th search warrants did not violate Defendant's Sixth Amendment right to counsel because the proceedings were not a critical stage of the prosecution. The absence of counsel at the proceedings has not derogated from Defendant's right to a fair trial because Defendant has had a full opportunity to challenge the warrants for lack of probable cause and lack of sufficient particularity.

In his Objections, Defendant states that his defense counsel could have argued successfully at the time of the warrants' issuance that no probable cause existed and/or that the warrants were impermissible general warrants, but that defense counsel could not successfully challenge the warrants once they were issued because a presumption of good faith attached. Defendant does not cite any authority to explain his contention regarding a presumption of good faith, and Judge Rateau did not rely on a presumption of good faith in finding that the warrants were supported by probable cause and that they described the items to be seized with sufficient particularity.[3] The Court will overrule

---

[2] The Ninth Circuit has noted in an unpublished disposition that "the government's execution of [a] search warrant without notifying counsel is a dubious practice, at best." *United States v. Pridgen*, 41 Fed. App'x 103, at *1 (9th Cir. July 10, 2002) (mem.). However, the Court has not located any Ninth Circuit authority addressing the issue of whether a defendant's Sixth Amendment right to counsel is violated by the *ex parte* issuance of a search warrant after the defendant's right to counsel has attached.

[3] As noted above, Judge Rateau found that the search warrants were not constitutionally defective for failing to include precautionary search protocols. (Doc. 181 at 11.) Judge Rateau held in the alternative that the good faith exception to the exclusionary rule would apply. (*Id.*) It's not clear whether Defendant, in referring to a presumption of good faith, is intending to challenge Judge Rateau's alternative holding regarding the applicability of the good faith exception. In any case, because the Court agrees with Judge Rateau's primary holding that the absence of the search protocols

Defendant's Objections to this portion of the Report and Recommendation.

**IT IS ORDERED** that Defendant's Objections (Doc. 182) are **overruled**, and Judge Rateau's Report and Recommendation (Doc. 181) is **accepted and adopted in full**.

**IT IS FURTHER ORDERED** that Defendant's Motions to Suppress (Docs. 162, 166) are **denied**.

Dated this 10th day of August, 2017.

_____
Honorable Rosemary Márquez
United States District Judge

---

recommended in *Comprehensive Drug Testing* did not render the July 5th and July 29th search warrants constitutionally defective, Judge Rateau's alternative holding regarding the good faith exception does not support Defendant's argument that the *ex parte* issuance of the search warrants caused significant prejudice or affected Defendant's right to a fair trial.

- 8 -